UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHELONDA SEALEY,

    Plaintiff,                                 Case No. 3:18-cv-222

vs.

LOWE'S HOME CENTERS, LLC.,       District Judge Thomas M. Rose
                                                       Magistrate Judge Michael J. Newman

    Defendant.

## MEDIATION ORDER

This case is referred to the undersigned for mediation. The undersigned sets this case for mediation on **May 9, 2019** at **10:00 a.m.** at **the Federal Building, 200 West Second Street, Room 505, Dayton, Ohio, 45402**. The mediation is governed by S. D. Ohio Civ. R. 16.3(c).

### Agreement to Attend and Participate in Good Faith

Participation in mediation is entirely voluntary. Unless the parties file a notice vacating the mediation on or before **May 2, 2019**, the parties **AGREE** to be bound as follows:

1. Any party may seek to unilaterally vacate the mediation at any time before it commences. In the absence of extraordinary or unforeseen circumstances, a party requesting to vacate the mediation after **May 2, 2019** agrees to pay the reasonable costs and fees incurred by all other parties that relate to the mediation (such as preparation time and travel).

2. Each party is **REQUIRED** to attend the mediation in person with trial counsel. If the party is a business or governmental entity, such party **shall** have a representative attend the mediation session in person along with trial counsel.

3. If a party has insurance and involvement of the insurance provider is necessary to settle the case, an insurance company representative **shall** attend the mediation in person along with the named party/representative and trial counsel.

4. Each party **shall** have individuals with "complete settlement authority" present, in person, at the mediation. An individual has "complete settlement authority" if that person is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the mediation. If the party representative has a limit or "cap" on his or her authority which would require consultation with others, including superiors at a corporate office, this requirement **is not satisfied**.

5. The Court expects all who participate in the mediation -- including but not limited to counsel, the parties, and insurance representatives -- to comply with all of the foregoing and to participate in settlement negotiations in good faith. Failure to comply with any provision set forth this Order amounts to a refusal to attend and participate in the mediation in good faith, and the parties agree and consent that the undersigned may sanction any party, attorney, insurance representative, or other mediation attendee under Fed. R. Civ. P. 16(f) and S.D. Ohio Civ. R. 16.3 for breaches of this Order. This Order constitutes the notice contemplated by S.D. Ohio Civ. R. 16.3.

6. During the time set for mediation, the Court anticipates that all essential attendees will have no significant calendar conflicts -- including flight arrangements -- that will require such attendee to leave the mediation prematurely.

**Preparation for Mediation**

Not later than **May 2, 2019**, each party is **ORDERED** to submit a Mediation Statement, not to exceed 5 pages, to the undersigned's Chambers[1] stating:

(a) The party's position;

(b) Factual and legal issues,

(c) Damages;

(d) Settlement negotiation history of the case, including a recitation of any specific demands and offers/counter-offers conveyed to date;

(e) A concise statement concerning projected costs and fees for the remaining pretrial issues in this case;

(f) Identification of party representative(s) and any other representative(s) who will be attending the mediation in person, as required by this Order; and

(g) Other issues the Court should be aware of including, but not limited to, whether the physical separation of parties is necessary.

Within reason, counsel may also email to Chambers important documents that will assist the undersigned. The parties may reference certain filings on the Court's docket (such as motions) in the Mediation Statement but **SHALL NOT EMAIL, MAIL OR OTHERWISE DELIVER** such filings to the undersigned. Mediation Statements, and appropriate documents submitted therewith, will not be shared with the other

---

[1] All communications with Chambers as required by this Order shall be submitted to newman_chambers@ohsd.uscourts.gov.

party and will only be used to assist the mediator in understanding the parties' respective positions. Mediation Statements will be maintained by the Court separate and apart from the case file.

## Accommodations

If any attorney, party, or party representative needs accommodations for the mediation or for the pre-mediation status conference, please contact Diane Marcus at (937) 512-1640 or at diane_marcus@ohsd.uscourts.gov.

**IT IS SO ORDERED.**

Date:  April 4, 2019   　　　　　　　　　　　s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge